Bernard Evan, P. J.
At the call of the calendar at the opening of the term in New York City on January 19, 1959 the above-entitled and numbered claim was dismissed pursuant to rule 7 of the Eules of the Court of Claims. Application, in accordance with the said rule, is now. made to restore the claim to the Trial Calendar. The claim was filed February 18, 1957 and appeared on the Trial Calendar for each of the terms of *502 court held at New York City on September 16, 1957, January 20, 1958, September 8, 1958 and finally January 19, 1959. At the calendar call on January 20, 1958 the case was put over the term, off the Trial Calendar and transferred to the General Calendar. On August 1, 1958 the Attorney-General filed a statement of readiness certifying that a bill of particulars had not been demanded, that a physical examination had not been demanded, that an examination before trial had not been demanded, that no depositions remained uncompleted, that no other proceedings were pending and that the claim was ready for trial. He thereupon requested that it be placed upon the Trial Calendar. Affidavit of service by mail upon the attorney for the claimants recites that copy of such statement of readiness was served on the attorney for the claimants on August 1, 1956. But this is an obvious error, because the affidavit is verified August 1, 1958 and the claim pleads that the accident to the claimant did not occur until August 5, 1956. Upon this application the moving affidavit, verified by one Donald S. Sherwood, recites that he is a member of the Bar and that he ‘ ‘ has diligently prosecuted this action and there is presently outstanding against the defendant herein an order for examination before trial of the defendant.” It also recites: ‘ ‘ Due to the inadvertence of the managing attorney of your deponent’s office, who was not familiar with the Calendar practice of the Court of Claims, this action was dismissed ”. The affidavit does not say whether or not the affiant is attorney for the claimants or is employed in the said attorney’s office, but perhaps that should be inferred.
Records of this court disclose that an order for an examination before trial, granted upon application of the claimants, and dated December 30,1957, was entered January 4,1958. (Motion No. 4517.) They also disclose that a previous application for similar relief was denied for the reason “that the moving papers herein fail to state the matter or topics upon which the examination is sought.” (Motion No. 4427, denied without prejudice.)
Inasmuch as it appears that during the more than a year which elapsed between the granting of the order and the opening of the term at which the claim was dismissed no move was made to examine the State’s employees, we are not impressed with the showing of diligence on behalf of these claimants. Moreover, the Attorney-General, in his statement of readiness, certified that no examination before trial had been demanded or ordered. The failure of the claimants’ attorney to refuse *503 acceptance of service of the said statement, erroneous on its face, does not appeal to this court as the conduct of a diligent practitioner.
We find no grounds for reinstating the dismissal. The motion is denied.